United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No.05-50030

ERIN L. McNABNEY, Individually and as Next Friend of Cami
McNabney and Ricky McNabney, Minor Children,

Plaintiff-Appellant,

versus

LABORATORY CORPORATION OF AMERICA, doing business as Labcorp San
Antonio, doing business as Labcorp Patient Service Center,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
No. 5:03-CV-509

Before JOLLY and BARKSDALE, Circuit Judges, and LITTLE, District

Judge.[*]

PER CURIAM:[**]

Erin McNabney appeals the summary judgment awarded Laboratory

Corporation of America (Lab) against her negligence action.

Primarily, McNabney claims the district court improperly excluded

the testimony of one of her two expert witnesses and failed to

consider that of the other. **AFFIRMED.**

---

[*] District Judge for the Western District Of Louisiana,
sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McNabney maintains:  on 22 April 2003, she went to Lab for a routine blood draw procedure, known as a venipuncture; Lab's employee conducted this procedure negligently because she was unable to draw blood from McNabney's left arm and then tried again using her right arm; McNabney suffered an intense burning pain from the procedure; and, after consulting with a doctor, McNabney utilized neurologist Dr. Gazda, who diagnosed her with reflex sympathetic dystrophy (RSD) and deemed the venipuncture its cause.

Prior to the venipuncture, however, McNabney had suffered considerable trauma to her left arm: she had undergone several surgeries for her left wrist at age 14; she was an intravenous drug user for at least six years; she sustained a serious fall during the 1990s; and she suffered a severe injury to her left shoulder in 2001.  The 2001 injury caused many of the RSD symptoms – aching, stiffness, numbness, tingling, and coldness to the touch – she attributed to the venipuncture.

After McNabney sued Lab in state court for negligence, the action was removed on the basis of diversity.  In awarding summary judgment to Lab, the district court excluded the testimony of McNabney's causation expert, neurologist Dr. Malkin, and apparently did not consider expert testimony by Dr. Gazda.  **McNabney v. Lab. Corp. of Am.**, No. SA03CA0509OG, 2004 WL 3241969 (W.D. Tex. 9 Dec. 2004) (unpublished).

II.

McNabney asserts:  the district court erred by excluding Dr. Malkin's testimony and by not considering Dr. Gazda's; and a material fact issue prevents summary judgment.

A.

The decision to exclude expert testimony is reviewed for an abuse of discretion.  ***Kumho Tire Co., Ltd. v. Carmichael***, 526 U.S. 137, 152 (1999); ***Tyler v. Union Oil Co. of Cal.***, 304 F.3d 379, 392 (5th Cir. 2002).  Such testimony's admissibility is governed by Federal Rule of Evidence 702, which states that a qualified expert may testify in order to

> assist the trier of fact to understand the evidence or to determine a fact in issue ... if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.  For admitting such testimony, medical causation experts must have *considered and excluded* other possible causes of injury.  ***Viterbo v. Dow Chem. Co.***, 826 F.2d 420, 423 (5th Cir. 1987) (rejecting expert testimony where "the history [a medical expert witness] used lacked reliability because it was incomplete in a critical area", namely an awareness of the plaintiff's relevant medical history).  This does *not* necessitate an exhaustive search that forces an expert to "disprov[e] or discredit[] every possible cause other than the one espoused by him", ***id.*** at 424;

3

but, an expert must be aware of the plaintiff's pertinent medical history. *Viterbo* answered negatively "the question whether it is so [merely] if an expert says it is so", *id.* at 421, and excluded the testimony of a medical expert who based his opinion on the plaintiff patient's oral history and was thus unaware of the plaintiff's relevant medical symptoms. (Texas case law is consistent with this requirement. *E.I. du Pont de Nemours & Co., Inc. v. Robinson*, 923 S.W.2d 549, 559 (Tex. 1995) ("An expert who is trying to find a cause of something should carefully consider alternative causes. [An expert's] failure to rule out other causes of the damage renders his opinion little more than speculation." (internal citation omitted)).)

### 1.

McNabney's listed causation expert, Dr. Malkin, failed to exclude other possible causes of McNabney's RSD, in part because he was unaware of McNabney's past medical history; he reviewed only her deposition testimony, which did not discuss her medical history. His failure to consider and exclude other potential causes of McNabney's injury before offering an opinion renders his testimony unreliable. FED. R. EVID. 702; *Viterbo*, 826 F.2d at 423. Accordingly, the district court did *not* abuse its discretion in excluding Dr. Malkin's testimony.

### 2.

4

Unlike Dr. Malkin, who was retained after this action commenced, Dr. Gazda had treated McNabney since shortly after the venipuncture. Although *not* listed as a causation expert, McNabney claims Dr. Gazda was available to testify regarding her treatment of McNabney.

In awarding summary judgment, the district court stated: Dr. Gazda had *not* been provided McNabney's complete medical history; and "[d]uring [her] deposition, Dr. Gazda agreed that information regarding [McNabney's] prior injury would have been important to her diagnosis". **McNabney**, 2004 WL 3241969, at *3 & n.5. The district court, however, did *not* exclude Dr. Gazda's expert testimony. On the other hand, the court does *not* appear to have considered it.

Lab maintains such testimony was not relied upon by McNabney in opposing summary judgment. Assuming the testimony was properly presented in opposition to summary judgment, it, like Dr. Malkin's testimony, was *not* admissible expert testimony. Similar to Dr. Malkin, Dr. Gazda was unaware of McNabney's history of arm trauma when she concluded that the venipuncture caused McNabney's RSD; in a progress report for McNabney, Dr. Gazda deemed McNabney's past medical history "[c]ompletely unremarkable" and noted *no* prior surgeries. Therefore, Dr. Gazda's testimony was not proper expert testimony on the same basis as Dr. Malkin's testimony was not: her opinion, lacking an awareness of McNabney's medical history, fails

5

to consider and exclude other possible causes of her RSD. *Viterbo*, 826 F.2d at 423.

## B.

Finally, we review the summary judgment *de novo*. *E.g., DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). Such judgment is proper if there is no material fact issue and the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). Because the expert testimony of Drs. Malkin and Gazda could not be considered, McNabney was unable to prove causation, an essential element of her negligence claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, no material fact issue precluded summary judgment, and such judgment was proper.

## III.

For the foregoing reasons, the judgment is

*AFFIRMED*.